FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 11, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JESSICA C.,[1] <br><br>Plaintiff, <br><br>v. <br><br>FRANK BISIGNANO, COMMISSIONER OF SOCIAL SECURITY,[2] <br><br>Defendant. | No. 1:24-CV-03012-RHW <br><br>ORDER RULING ON CROSS-MOTIONS FOR REMAND AND REMANDING FOR FURTHER PROCEEDINGS AND CLOSING THE FILE <br><br>ECF Nos. 6, 12 |

Before the Court are the parties' cross-motions for remand following the denial of supplemental social security benefits under Title XVI of the Social Security Act. ECF Nos. 6, 12. Attorney D. James Tree represents Plaintiff; Special Assistant United States Attorney Ryan Lu represents the Commissioner. The parties agree the administrative law judge (ALJ) erred when analyzing the medical opinions, but the parties disagree as to the appropriate remedy. After

---

[1] To address privacy concerns, the Court refers to Plaintiff by first name and last initial or as "Plaintiff." *See* LCivR 5.2(c).

[2] Pursuant to Federal Rule of Civil Procedure 25(d), Frank Bisignano, Commissioner of Social Security, is substituted as the named Defendant.

ORDER - 1

reviewing the record and relevant authority, the Court remands the case for further proceedings.

## BACKGROUND

The facts of the case are set forth in detail in the transcripts of the proceedings and the ALJ's decision and only briefly summarized here. Plaintiff alleges disability due to back pain, bilateral hand numbness/tingling, feet injury/pain, major depressive disorder, PTSD, anxiety, panic attacks, anger problems, insomnia and obesity. Tr. 241. Plaintiff filed an application for supplemental security income disability benefits in March 2018, claiming disability beginning March 1, 2018. Plaintiff was born in 1986 and was 31 years old on the alleged date of onset. She has limited earnings history, Tr. 232, however, her past employment includes work as a security guard, cashier and in food service. Tr. 245-46, 260, 412.

Plaintiff's claim for benefits has involved two administrative hearings and a prior stipulated remand for further proceedings from federal court. After the agency initially denied benefits, an administrative hearing was held before ALJ Richard Hlaudy in December 2020. Tr. 33-59. The ALJ denied benefits. Tr. 12-31. In 2022, on appeal to federal court, Judge Lonny R. Suko remanded the matter pursuant to the stipulation of the parties. Tr. 1087-88. On remand, the Appeals Council directed the ALJ to further evaluate Plaintiff's symptoms and medical opinion evidence, and as needed, obtain medical expert evidence to reconcile conflicting evidence of record. As to Plaintiff's symptom claims, the Appeals Council detailed the following errors:

> The hearing decision does not provide legally sufficient rationale for discounting the claimant's alleged symptoms. The decision indicates that the claimant's allegations are not entirely consistent with the medical and other evidence of record (Decision, pp. 5, 7). With regard to the claimant's mental health symptom allegations, the ALJ found that treatment has been helpful at

ORDER - 2

> controlling the claimant's symptoms (Decision, p. 8). In support of this conclusion, the decision cited records showing normal clinical findings (Id.) However, the decision had previously acknowledged that the claimant had positive mental health findings, including impaired attention and concentration, as well as mood and affect findings (Decision, p. 8, citing to Exhibits 7F, pp. 11, 15, 17, 19, 21, 25, 29, 55, 57, 66, 72, 73, 74, 81, 82, 89, 99, 104, 108, 110, 121, 126, 133, 139, 145, 152, 159; 11F, pp. 11, 20, 22; 15F, pp. 8, 21, 26, 31, 32). Therefore, it is unclear how the claimant's clinical findings undermine her subjective symptom complaints. Furthermore, the record does not indicate the claimant's symptoms resolved or even controlled. Even if they did, this would not suffice as the sole reason to discount a claimant's subjective symptom allegations (20 CFR 416.929(c)(2)). As a second reason, the decision indicates that the claimant received conservative treatment (Decision, p. 8). It is unclear to what treatment this refers, as there is no additional explanation or citation. Moreover, given the documented claimant's use of numerous mental health medications and her participation in individual and group therapy, the ALJ's finding does not appear to be clear and convincing or supported by the evidence (Exhibits 5F, 7F, 11F). Thus, further evaluation of the claimant's alleged symptom is necessary.

Tr. 1094-95.

The Appeals Council's remand order identified additional errors in the ALJ's evaluation of the medical evidence:

> The hearing decision does not contain an adequate evaluation of the medical source opinion from consultative psychological examiners Tasmyn Bowes, Psy.D. and Thomas Genthe, Ph.D. The ALJ found both opinions, which indicate marked mental limitations, are unpersuasive (Decision, p. 10, citing to Exhibits 6F, 14F, 20F). However, the decision does not provide the required articulation of the supportability or consistency factors, per 20 CFR 404.1520c(c) (1) and (2). First, the decision states these opinions are unpersuasive because the doctors did not support the opinions with specific explanation (Decision, p. 10). However, Dr. Genthe explained the observations and findings behind his conclusion that Crooker would not be able to adequately function in a work environment (Exhibit 20F, p. 5). Moreover, both doctors completed the DSHS form entirely (Exhibits 14F, pp. 1-11; 20F, pp. 1-8). However, the ALJ did not address whether other evidence contained in the DSHS forms supported the opinions. Therefore,

ORDER - 3

> the supportability factor for neither opinion was properly articulated. In addition, the decision states these opinions are unpersuasive because the record contains some normal findings (Decision, p. 10). This appears to be a finding of inconsistency. However, the decision itself acknowledges that the record is mixed (Decision, p. 8) and, without reconciliation of normal and abnormal findings, the evidentiary basis for concluding that the claimant's symptoms are stable is unclear (Decision, p. 10). Therefore, a reevaluation of the supportability and consistency of both opinions is warranted.

Tr. 1095.

On August 23, 2023, Plaintiff, a medical expert, and a vocational expert appeared for an administrative hearing before ALJ Evangeline Mariano-Jackson. Tr. 1000-26. On October 27, 2023, the ALJ denied benefits. Tr. 967-95. Plaintiff filed this action for judicial review. ECF No. 1.

## STANDARD OF REVIEW

The ALJ is tasked with "determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence "is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1098; *Morgan v. Comm'r of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the

ORDER - 4

ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Sec'y of Health and Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the claimant bears the burden of establishing a prima facie case of disability. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. § 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) that Plaintiff can perform other substantial gainful activity and (2) that a significant number of jobs exist in the national economy which Plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1497-1498 (9th Cir. 1984); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012). If a claimant cannot make an adjustment to other work, the claimant will be found disabled. 20 C.F.R. § 416.920(a)(4)(v).

## ADMINISTRATIVE DECISION

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the application date. Tr. 973.

At step two, the ALJ determined Plaintiff had the following severe impairments: internal derangement of right knee, left acromioclavicular arthrosis, lumbar spine strain, asthma, obesity, major depressive disorder with anxiety, personality disorder, and post-traumatic stress disorder. *Id*.

ORDER - 5

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 974.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found she could perform light work, with the following limitations:

> [Plaintiff] can stand and/or walk for 6 hours in an 8-hour workday, and sit for 6 hours in an 8-hour workday. She can occasionally kneel, crouch and crawl. She can frequently balance and stoop. She can frequently climb ramps and/or stairs. She can never climb ladders, ropes or scaffolds. She can occasionally push and/or pull with the right lower extremity. She can frequently reach in front and laterally with the left upper extremity. She can tolerate occasional exposure to dusts, fumes, gases, odors, poor ventilation and other pulmonary irritants. She can never work in extreme heat or cold. She can never work at unprotected height or around moving mechanical parts or heavy machinery. She can understand, remember and carry out simple, routine and repetitive tasks involving only simple work-related decisions and occasional decision making and changes in the work setting. She can tolerate occasional, brief and superficial interaction with supervisors and coworkers. She cannot work at any jobs that requires public contact. She can be in the vicinity of public, but never have one on one interaction with the public.

Tr. 978.

At step four, the ALJ found Plaintiff had no past relevant work. Tr. 987.

At step five, the ALJ found that, based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience, and RFC, Plaintiff could perform jobs that existed in significant numbers in the national economy, including the jobs of small products assembler, marker, and router. Tr. 987-88.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from at any time since the alleged onset date of March 12, 2018. Tr. 988.

ORDER - 6

The ALJ's 2023 decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g).

## ISSUES

Plaintiff asserts the ALJ erred in (1) improperly evaluating the medical opinion evidence; and (2) improperly evaluating Plaintiff's symptom complaints. Plaintiff seeks a remand for the award and calculation of benefits.

In response, the Commissioner concedes error and agrees remand is appropriate, but only for further proceedings. ECF No. 12.

## DISCUSSION

**A.     Legal Standards Governing Scope of Remand**

When the ALJ commits legal error in denying a claim for benefits, the district court "ordinarily must remand to the agency for further proceedings before directing an award of benefits." *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017). The Social Security Act, however, grants district courts flexibility in certain circumstances to reverse the ALJ's decision and remand for an immediate award of benefits rather than further administrative proceedings. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014).

Remand for an immediate award of benefits is allowed only when three requirements (collectively referred to as the "credit-as-true" rule) are satisfied: (1) the ALJ failed to provide legally sufficient reasons for rejecting evidence, whether that evidence is claimant testimony or a medical opinion; (2) there are no outstanding issues that must be resolved before a disability determination can be made, the record is fully developed, and further administrative proceedings would serve no useful purpose; and (3) if the improperly discredited evidence were credited as true, the record as a whole would require the ALJ to find the claimant disabled on remand. *Leon*, 880 F.3d at 1045; *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). Even if all three requirements are met, the decision whether to remand a case for further proceedings or simply award benefits is in the court's

ORDER - 7

discretion. *Washington v. Kijakazi*, 72 F.4th 1029, 1041 (9th Cir. 2023). The court may still remand for further proceedings "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled." *Garrison*, 759 F.3d at 1021.

**B.   Proper Remedy**

All three steps of the credit-as-true rule are not satisfied here.

The first requirement is satisfied. The Commissioner concedes harmful legal error on the ALJ's evaluation of two of eight medical opinions Plaintiff has challenged. First, the Commissioner agrees the ALJ erred by failing to discuss the February 2018 opinion of Plaintiff's treating therapist, M. Gabriela Mondragon, LMHC. Second, the Commissioner generally agrees "the ALJ erred in evaluating the [April 2014] opinion of Melissa Belding, LMHC." ECF No. 12 at 4. Both Ms. Mondragon and Ms. Belding opined Plaintiff was limited to working 1-10 hours of work per week due to her psychological impairments.

The Commissioner has failed to counter or otherwise address Plaintiff's additional claims of error, including alleged errors in evaluating the remaining medical opinions of Drs. Bowes, Genthe, Covell, Comrie, Martin, Alto, and Holan. The Commissioner also offers no response as to the ALJ's rejection of Plaintiff's symptom claims. If a party fails to counter an argument that the opposing party makes, the court may treat that argument as conceded. The Court has no obligation to research or manufacture arguments on behalf of litigants. The Commissioner's strategic choice not to substantively respond to these arguments constitutes concession of these issues. *See Hunt v. Colvin*, 954 F. Supp. 2d 1181, 1196 (W.D. Wash. 2013) (construing the Commissioner's failure to respond to an argument as a concession that the plaintiff's argument has merit and finding the "Court will not manufacture a defense on the Commissioner's behalf where Plaintiff has identified an at least plausible error"); *Johnny T. v. Berryhill*, No.

ORDER - 8

6:18-cv-00829-AA, 2019 WL 2866841, at *2 (D. Or. July 2, 2019) (finding "the Commissioner's failure to substantively respond to Plaintiff's arguments regarding his symptom testimony, medical opinion evidence, and lay witness testimony constitutes a concession of those issues"). As such, the Court concludes that the ALJ erred by: (1) improperly evaluating the opinions of Ms. Mondragon and Ms. Beldon, and Drs. Bowes, Genthe, Covell, Dr. Comrie, Martin, Alto, and Holan; and (2) failing to provide specific, clear, and convincing reasons to reject Plaintiff's subjective symptom testimony.

Despite the Commissioner's concessions of error, immediate payment of benefits is not appropriate on this record. Commissioner asserts that further administrative proceedings would serve a useful purpose and the Court agrees. In evaluating this issue, the Court considers whether the record as a whole is free from conflicts, ambiguities, or gaps, and whether all factual issues have been resolved. *Treichler*, 775 F.3d 1090 at 1103-04. There are both ambiguities and gaps in the record that raise crucial questions as to the extent of Plaintiff's impairment. The relevant period evaluated by the ALJ was March 12, 2018 (Plaintiff's application date) to November 1, 2023 (the date of the ALJ's decision). In August 2019, Plaintiff was discharged from mental health treatment due to non-compliance with treatment and loss of contact with the provider. Tr. 883. Plaintiff explained that this was due to a change in provider and issues of poverty including the lack of a telephone, transportation, and stable housing. In 2022, she was homeless. Tr. 1013. No treatment records were included in the administrative record since the September 2022 remand order. Tr. 983. Despite the Appeal's Council's remand order and the four-year gap in the mental health treatment record, the ALJ ignored one of the only psychological opinions of a treating source, the 2018 opinion of Ms. Mondragon. Plaintiff's most recent psychological

ORDER - 9

evaluations were conducted by Dr. Genthe in October 2020 and September 2021 by way of telephone interview due to COVID-19 precautions. Tr. 959-66, 1335-38.

Further, though authorized to do so, the ALJ also took no independent steps to further develop the record regarding Plaintiff's mental impairments. The ALJ has a special duty to fully and fairly develop the record such as to assure that the claimant's interests are considered. *See generally Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001). This duty is incumbent on the ALJ even when the claimant is represented by counsel. *Mayes v. Massanari*, 276 F.3d 453, 459 (9th Cir. 2001). Additionally, an ALJ's duty to engage in further record development is triggered when there is a suggestion of mental impairments (as was the case here), and when the record is inadequate to allow for proper evaluation of the evidence (as was the case here). *Id.* (citing *Tonapetyan*, 242 F.3d at 1150). Despite the gap in the record and remand directive to focus on Plaintiff's mental health symptoms, the ALJ did not request Plaintiff undergo a consultative examination or otherwise call an expert qualified to testify to psychiatric impairments at the hearing. *See* Tr. 1008. The failure to develop the record as to Plaintiff's mental impairments constituted error given the state of the record.

These issues, in addition to Plaintiff's age, limited work history, and record of transient situational stressors contributing to the exacerbation of her mental health symptoms, create significant ambiguity and gaps in the record where the "presentation of further evidence . . . may well prove enlightening" in light of the passage of time. *I.N.S. v Ventura*, 537 U.S. 12, 18 (2002). In these circumstances, remanding for further proceedings is the proper course.

On remand the ALJ shall:

1. Order the examination of Plaintiff by a consultative psychiatrist **and/or** a psychologist who shall examine Plaintiff personally in addition to being given access to Plaintiff's medical records. *See Reed v. Massanari*, 270 F.3d 838,

ORDER - 10

843 (9th Cir. 2001) (where available medical evidence is insufficient to determine the severity of the claimant's impairment, the ALJ should order a consultative examination by a specialist). The evaluation(s) should be, at least in part, geared towards evaluating Plaintiff's abilities (if any) to function in the workplace while presenting a clear picture of Plaintiff's mental impairments.

2. Perform the sequential evaluation anew, making new findings on each of the five steps of the sequential evaluation process.

3. Provide Plaintiff with the opportunity to submit additional evidence and for a new hearing.

4. Reevaluate the medical opinions of record in compliance with the regulations.

5. Reevaluate Plaintiff's subjective complaints.

6. Formulate a new RFC determination, obtain supplemental testimony from a vocational expert, if necessary, and take into consideration any other evidence or testimony relevant to Plaintiff's disability claim.

7. Take any further action needed to complete the administrative record and issue a new decision.

The Court finds that time is of the essence. This case shall be designated for prompt and priority handling on remand.

## CONCLUSION

Plaintiff seeks a remand for payment of benefits. However, further proceedings are necessary for the reasons set forth above. Given the history of this case, the agency shall designate this matter as requiring priority handling. Accordingly, **IT IS ORDERED**:

1. Plaintiff's Opening Brief, **ECF No. 6**, is **GRANTED IN PART, and DENIED IN PART**. The Commissioner's decision is **REVERSED** and this

ORDER - 11

matter is **REMANDED** to the Commissioner of Social Security for further administrative proceedings consistent with this Order.

2. The Commissioner's Brief Requesting Remand (for further proceedings), **ECF No. 12**, is **GRANTED**.

3. Pursuant to Federal Rule of Civil Procedure 25(d), Frank Bisignano, Commissioner of Social Security, is substituted as the named Defendant.

4. Upon proper presentation, the Court will consider Plaintiff's application for fees and expenses under the Equal Access to Justice Act, 28 U.S.C. § 2412(d).

The District Court Executive is directed to update the docket sheet to reflect the substitution of Frank Bisignano as Defendant, enter this Order, **ENTER JUDGMENT** in favor of Plaintiff, forward copies to counsel, and **CLOSE THE FILE.**

DATED August 11, 2025.

<u>s/Robert H. Whaley</u><br>
ROBERT H. WHALEY<br>
Senior United States District Judge

ORDER - 12